125 F.3d 859
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PHILIPPINE AIRLINES, INCORPORATED, Plaintiff,
v.
CITY TRUST BANK, Defendant-third-party-plaintiff--Appellee,
v.
Ana G. DUENAS, Third-party-defendant--Appellant,
and
Pedro A. TENORIO, Moses Quitugua; Frank Tomokane,
Third-party-defendants.
 No. 96-16677.
 United States Court of Appeals, Ninth Circuit.
 Submitted September 17, 1997.**
Filed October 1, 1997.
 
 Appeal from the United States District Court for the Northern Mariana Islands, D.C. No. CV-94-00002; Alex R. Munson, Chief Judge, Presiding.
 Before KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Duenas claims that there was a genuine dispute regarding whether she had served on the board of directors of City Trust Bank and that the district court therefore erred in determining during a summary judgment motion that she had. A genuine issue of fact exists if the evidence is such that a reasonable jury could find for Duenas. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-51 (1986). To show that she was not a director, Duenas points only to her own depositions in which she says she didn't think she was a director. But whether Duenas was a director is not a matter of opinion. It turns, rather, on whether she was properly appointed to serve in that capacity. City Trust Bank offers its by-laws which provide that shareholders shall appoint directors and a memorandum signed by the shareholders appointing Duenas to the board. It also offers an annual report listing her as a director and several letters which she signed as director, both of which indicate that Duenas had notice of her status and acted in conformity therewith. Even had there been some defect in Duenas' appointment, the evidence shows she discharged the duties of the office under color of authority, making her a de facto director.[1] See Indep. Lead Mines Co. v. Kingsbury, 175 F.2d 983, 986 (9th Cir.1949); South Seas Corp. v. Sablan, 525 F.Supp. 1033, 1038 (D.N.Mar.I.1981). No reasonable jury could conclude that Duenas was not a director; the district court did not err.
 
 
 3
 Duenas also argues that the district court finding, made pursuant to Fed.R.Civ.P. 56(d), was prejudicial. She asserts that by finding Duenas was a director, the district court implicitly determined the applicable standard of care, an element of City Trust Bank's cause of action. But the district court did not specify the particular duty of care Duenas owed to the bank; it only decided that there was no substantial controversy regarding Duenas' role within the bank. As required by Fed.R.Civ.P. 56(d), the district court "thereupon ma[de] an order specifying the facts that appear without substantial controversy.... Upon the trial ... the facts so specified [were] deemed established." That those facts hurt Duenas' case is not grounds for reversal.
 
 
 4
 Duenas next asserts there was insufficient evidence to support a finding that she was negligent in issuing the letter of credit to Philippine Airlines. However, Duenas admitted that she never reviewed any relevant banking laws or City Trust Bank's by-laws. She also approved the letter of credit on behalf of United Tour Masters, Inc. without investigating its financial situation or obtaining any security. Finally, she attempted to cancel the irrevocable letter without consulting either an attorney or her fellow board members. These facts are sufficient to justify the conclusion that Duenas performed her duties negligently. Her failure to collect obviously relevant information deprives her of the protection of the business judgment rule. See Smith v. Van Gorkom, 488 A.2d 858, 872 (Del.1985).
 
 
 5
 Finally, Duenas alleges that the district court erred in permitting City Trust Bank to enforce its judgment against her before the bank had paid its judgment to Philippine Airlines. Since the district court did not issue the writ of execution until almost five months after Duenas filed her notice of appeal and she never amended that notice, it is not clear that the issue is properly before us. See Culinary & Serv. Employees Union v. Hawaii Employee Benefit Admin., 688 F.2d 1228, 1232 (9th Cir.1982). Even were we to consider the issue, Duenas would lose. Her argument depends on the assumption that City Trust Bank has not yet begun to pay its judgment to Philippine Airlines; on March 5, 1996, City Trust Bank paid Philippine Airlines $ 300,000, undermining any claim that the writ is premature.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A de facto director has the same fiduciary duties as a de jure director. See Sears v. Stelzner ( In re Globe Drug Co.), 104 F.2d 114, 117 (9th Cir.1939)